**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD<br>1201 Connecticut Ave. NW, Suite 531<br>Washington, DC 20036<br><br>and<br><br>LAILA L. HLASS<br>TULANE UNIVERSITY LAW SCHOOL<br>6329 Freret Street, Suite 216-E<br>New Orleans, LA 70118<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br>20 Massachusetts Ave. NW<br>Washington, DC 20529<br><br>and<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br>2707 Martin Luther King Jr Ave. SE<br>Washington, DC 20528<br><br>Defendants. | No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Pursuant to the Freedom of Information Act, 5 U.S.C § 552(a), *et seq.* ("FOIA"), Plaintiffs Laila L. Hlass and the National Immigration Project of the National Lawyers Guild ("National Immigration Project"), including its project End SIJS Backlog Coalition (the "Coalition"), bring this action against Defendants United States Citizenship and Immigration Services ("USCIS") and the Department of Homeland Security ("DHS") seeking declaratory and injunctive relief compelling Defendants to comply with the requirements of FOIA, provide expedited processing

of Plaintiffs' Freedom of Information Act request ("FOIA Request"), and immediately release improperly withheld records.

Plaintiffs research legal issues impacting immigrant children applying for Special Immigrant Juvenile Status ("SIJS"). Plaintiffs regularly use data collected in the course of immigration adjudications, which they have obtained in the past through both informal requests to Defendant USCIS and FOIA requests. Plaintiffs filed a FOIA Request seeking from the Defendants updated information similar to what Defendants have previously provided: information about Special Immigrant Juvenile Status adjudications and applications to adjust immigration status based on SIJS. The information Plaintiffs requested is needed to enable them to study and report on trends regarding the treatment of immigrant children under the SIJS statute—a matter of urgent public importance that affects the well-being of thousands of children. Defendants unlawfully declined expedited treatment and ignored the deadline for responding to Plaintiffs' FOIA Request. Plaintiffs bring this suit to compel Defendants to produce the requested information.

## NATURE OF THE ACTION

1. Plaintiff National Immigration Project is a leading national non-profit and advocacy organization dedicated to, among other things, protecting the rights of immigrant children and shedding light on issues facing children pursuing SIJS, a humanitarian form of immigration relief created by an act of Congress in 1990. Plaintiff Laila L. Hlass is a professor at Tulane University Law School, primarily focused on researching and publishing information concerning, among other topics, immigrant children.

2. A minor is eligible for SIJS status from Defendant USCIS after a state court has made judicial findings that the minor was neglected, abused, or abandoned by his or her parents and whose best interests are not to be returned to his or her country of origin. Once those findings are

made, the minor can apply to Defendant USCIS for SIJS status, which offers a pathway to becoming a lawful permanent resident.

3. On November 5, 2024, Plaintiffs sought through FOIA the release of data from the Data Analysis and Reporting Branch of Defendant USCIS's Office of Performance and Quality pertaining to the SIJS petitions ("SIJS Data") and SIJS-based Legal Permanent Residency ("LPR") applications, which allows for analysis of the SIJS backlog. The FOIA Request provided a detailed justification for expedited processing under DHS regulations and appended multiple news articles as exhibits. The exhibits highlight the urgency of addressing the needs of immigrant children, particularly SIJS petitioners and SIJS-based LPR applicants, considering the vulnerabilities of this population, the growing backlog of SIJS children waiting for visa availability, and the humanitarian needs of immigrant children. According to one article, there are currently over 100,000 immigrant juveniles whose SIJS applications were approved or pending after a state court found them to be abandoned, abused or neglected by one or both parents ("Special Immigrant Juveniles"), but who are impacted by an ongoing green card backlog. Special Immigrant Juveniles awaiting green cards remain vulnerable to immigration enforcement, notwithstanding Defendant USCIS's approval for SIJS protection in the United States. A true and accurate copy of Plaintiffs' FOIA Request is attached as **Exhibit 1**.

4. Rather than provide any meaningful consideration to Plaintiffs' request for expedited processing, Defendants denied the request without any explanation of the basis for that decision other than stating that it did not meet DHS criteria for expedited processing. Defendants also ignored the deadline for responding to Plaintiffs' FOIA Request, which was December 20, 2024. Plaintiffs bring this suit to compel Defendants to produce the requested information.

**JURISDICTION & VENUE**

5. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because Defendants improperly withheld agency records and the resolution of disputes under FOIA presents a federal question.

6. Venue in this District is proper pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b)(1) and (b)(2) because one of the Plaintiffs is located in this District, the Defendants are located in this District, and the agency records improperly withheld by Defendants are, on information and belief, situated in this District.

**PARTIES**

7. Plaintiff National Immigration Project is a national 501(c)(3) non-profit organization that provides technical and litigation support to immigrant communities, legal practitioners, and advocates seeking to advance the rights of noncitizens. The Coalition is a project of the National Immigration Project. The Coalition is a national group of advocate organizations and children with Special Immigrant Juvenile Status working to educate policy makers on the harmful impacts of visa caps on immigrant children and to advocate for an end to the SIJS backlog and the harms it creates.

8. Plaintiff Laila L. Hlass is a professor at Tulane Law School whose research and teaching focus on immigration law, particularly immigrant children. Through publication of scholarly articles in numerous law journals, as well as public-facing reports and op-eds in national news sites, Professor Hlass is an individual primarily engaged in the dissemination of information to the general public.

9. Defendant USCIS is a federal agency within Defendant DHS that oversees lawful immigration to the United States and is responsible for conferring immigration benefits such as

adjudicating SIJS applications. USCIS is headquartered at 20 Massachusetts Ave NW, Washington, DC 20529. USCIS is an agency within the meaning of 5 U.S.C. § 552(f)(1).

10. Defendant DHS is a federal executive department responsible for public security that oversees, among other agencies, Defendant USCIS. DHS is headquartered at 2707 Martin Luther King Jr Ave. SE, Washington, DC 20528.

## LEGAL AND FACTUAL BACKGROUND

### I. FOIA Requires Prompt Response to a Request and Disclosure of Government Records Unless an Exception Applies

11. FOIA "mandates that an agency disclose records on request, unless they fall within one of nine exemptions." *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011); *see* 5 U.S.C. §§ 552(a)(3)(A), (b)(1)-(9).

12. In furtherance of its purpose to ensure government transparency, FOIA imposes strict deadlines on agencies to provide documents responsive to FOIA requests. *See* 5 U.S.C. § 552(a)(6)(A). After an individual or organization submits a request, the agency must determine within twenty business days after the receipt whether records can be made available considering the nine statutory exemptions. *See id*. § 552(a)(6)(A)(i). An agency is entitled to one ten business-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. *See id.* § 552(a)(6)(B)(i). If the request cannot be processed within the time limit notwithstanding the ten-day extension, the agency must notify the requester and may ask the requester to limit the scope of the request or to arrange an alternative timeframe for processing the request. *See* 5 U.S.C. § 552(a)(6)(B)(ii).

13. FOIA requires the agency to make a reasonable effort to search for the requested records. *See id.* § 552(a)(1)(C). The agency also must immediately notify the requester of the agency's decision as to whether it will comply with the request, provide the reasons for its

determination, and inform the requesting party of its right to appeal an adverse agency determination. *Id.* § 552(a)(6)(B)(ii). The agency "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 771 F.3d 180, 186 (D.C. Cir. 2013).

14. FOIA also requires an agency to produce records on an expedited basis when there is a "compelling need" for expedition. *See* 5 U.S.C. § 552(a)(6)(E)(i). The requester should be granted expedited processing if the requested records are urgently needed by an organization primarily engaged in disseminating relevant information to inform the public about actual or alleged federal government activity. *See id.* § 552(a)(6)(E)(v)(II); *see also* 6 C.F.R. § 5.5(e)(1)(ii) (DHS regulations). DHS regulations require that an agency respond to a request for expedited processing within ten business days of receiving such a request. *See* 6 C.F.R. § 5.5(e)(5).

15. If an agency denies a request for expedited processing, a requester has immediate standing to seek judicial review of the agency's decision. *See* 5 U.S.C. §552(a)(6)(E)(iii); *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 436 F. Supp. 3d 454, 358 (D.D.C. 2020) (exhaustion of administrative remedies not necessary to seek judicial review of a denial of expedited processing).

16. Furthermore, even if an agency does not deny expedited processing, when an agency fails to make a determination within the 20-day statutory time period, as required under 5 U.S.C. § 552(a)(6)(i), a requester "may file suit without exhausting administrative appeal remedies." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 771 F.3d at 185–186 (observing that a letter acknowledging receipt of a FOIA request is not a "determination" for the purposes of the statutory deadline).

## II. Plaintiffs Research and Report on Legal Issues Impacting Immigrant Children

17. Professor Hlass has researched and advocated on behalf of immigrant children since 2006. The Coalition has been engaged in research and advocacy on matters impacting immigrant children and youth since 2021.

18. Professor Hlass frequently publishes academic articles, policy reports, and practice guides on legal issues concerning immigrant children. Likewise, the Coalition regularly publishes practice advisories for the bar, as well as reports for the bar, Congress, the media, and the general public which are disseminated to its members and the public through national listservs and through its website at www.sijsbacklog.com.

19. The National Immigration Project, where the Coalition is housed, is a national 501(c)(3) non-profit organization that provides training to the bar and the bench on immigration matters. The National Immigration Project has authored four treatises on immigration law.

20. In addition, National Immigration Project staff present and regularly publish practice advisories on immigration law topics. The advisories are disseminated to its members and the public through its website at www.nipnlg.org.

21. Plaintiffs plan to assemble the data obtained from this FOIA Request and report on it to its membership, the bar, legal scholars, and the public more generally.

## III. Plaintiffs' FOIA Request

22. On November 5, 2024, Plaintiffs sent the FOIA Request for SIJS Data by electronic mail to Defendant USCIS at the email address uscis.foia@uscis.dhs.gov and requested expedited processing. *See* Exhibit 1 at 1, 4.

23. The FOIA request sought two specific sets of data that Defendant USCIS compiles related to petitions by immigrant children for SIJS status and applications by Special Immigrant Juveniles for LPR status.

24. The first dataset encompasses information collected about petitions to Defendant USCIS for SIJS, including the status or dispositions of those petitions, from fiscal years 2010 through the present. Defendant USCIS had previously provided similar data to Professor Hlass. The FOIA Request sought updated data for the years from 2010 to the present, including additional categories of information that Professor Hlass learned were available through her prior experience with these records. The FOIA Request identified with specificity which office of Defendant USCIS would likely hold the records and provided information, including a specific query, that Defendant USCIS could use to locate the records. The type of information sought included: demographic and biographical information, such as the petitioner's gender, country of origin, and date of birth; administrative information pertaining to the petition, such as the office and location where the application was or is pending, whether the application was prepared by an attorney, and the action history for each petition; and information related to the SIJS determination, such as whether the petitioner was under the jurisdiction of a juvenile court, whether the necessary state court findings had been made, and whether those findings were made as to both of the petitioner's parents.

25. The second dataset comprises information derived from the Form I-485 records that individuals who seek LPR status based on SIJS submitted from fiscal years 2014 to 2025. Form I-485 is the official USCIS form used to apply for lawful permanent residence or an adjustment of status. As with the first dataset, Plaintiffs have previously obtained this category of information from Defendants. Plaintiffs relied on those prior experiences to craft the FOIA Request with

particularity. The FOIA Request identified specifically which office of Defendant USCIS would likely hold the records and suggested targeted search terms that Defendant USCIS could use to search for the records. Like the first dataset, the type of information sought here includes demographic and administrative information.

### IV. The Public Records Plaintiffs Requested from Defendants Are Important to the Public Interest and Merited Expedited Processing

26. The treatment of immigrant children has received extensive media coverage and is a matter of importance to the public. Plaintiffs are committed to disseminating information about the immigration system and children it impacts to interested members of the public.

27. Plaintiffs' FOIA Request complied with Defendant DHS's regulations and Defendant USCIS's internal procedures regarding the submission of FOIA Requests.

28. In their FOIA Request, Plaintiffs discussed at length their entitlement to expedited processing under 5 U.S.C. § 552(a)(6)(E)(v)(II) because the requested data is urgently needed by an organization primarily engaged in disseminating relevant information to inform the public about actual or alleged federal government activity.

29. Plaintiffs' FOIA Request explained the need for expedited processing based on the urgency of informing the public about federal government activity. The FOIA Request explained that expedited processing was justified because delaying a response would compromise a significant public interest related to pending legislation relevant to SIJS applicants. Specifically, "Congress is actively engaged in legislative immigration reform at this very moment, with significant interest in the humanitarian protection of unaccompanied minors and immigrant children." Ex. 1 at 5–6. The Request further emphasized that,

> "Data on SIJS is an important aspect of the examination of the functioning of our immigration system and its ability to respond to the needs of vulnerable immigrant children, those already within our borders and those

arriving daily. Without this data it is not possible to accurately understand the demographics of children applying for SIJS, nor whether as a country we are prepared to adequately respond to the growing humanitarian needs of immigrant children." *Id*. at 6.

30. The FOIA Request extensively described the wide media coverage of immigrant children and included as exhibits ten news media articles from major new outlets such as the *New York Times*, the *Wall Street Journal*, and *The Hill*. The appended articles highlight the significance of the SIJS program, the abuse and mistreatment SIJS petitioners have suffered while awaiting application processing, and the bipartisan Congressional interest in the issue. *See* Ex. 1 at 8–74.

31. Disclosure of the requested information will contribute significantly to the public's understanding of the federal government's policies and practices with respect to the processing of SIJS petitions and SIJS-based LPR applications.

32. The requested information will be used for educational purposes, to prepare practice advisories and reports, and to further the public understanding of the treatment of children in the U.S. immigration system.

33. The requested information is not currently available to the public.

**V.     USCIS's Response to Plaintiffs' FOIA Request**

34. In a letter dated November 5, 2024, Defendant USCIS acknowledged receipt of the Request (the "Response"). A true and accurate copy of Defendants' Response is attached as **Exhibit 2**.

35. The Response acknowledged that the FOIA Request was a simple request to be processed on Track 1 of Defendant USCIS's multi-track processing system and invoked the ten business-day extension to the normal twenty business-day response time for a FOIA request. *See* Ex. 2 at 2–3. Accordingly, Defendant USCIS was required to respond to the FOIA Request by December 20, 2024.

36. The Response denied the request for expedited processing. However, the Response provided no reasoning as to why the FOIA Request did not merit expedited processing. The Response merely parroted Defendant DHS's regulations governing requests for expedited processing.

37. Plaintiffs did not receive any further response from Defendant USCIS by the December 20, 2024 deadline and have received no other response from Defendant USCIS as of the filing of this Complaint.

## CLAIM FOR RELIEF

**Violation of FOIA, 5 U.S.C. § 552, et seq.**

38. Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here.

39. Defendants DHS and USCIS are subject to FOIA under 5 U.S.C. § 551(1) and 5 U.S.C. § 552(f)(1).

40. The SIJS Data subject to the FOIA Request constitute public records.

41. The SIJS Data subject to the FOIA Request is within the actual or constructive control or possession of DHS and USCIS.

42. Defendants DHS and USCIS failed to claim that any exemption to FOIA applies to the requested records, and the requested records do not fall within any lawful FOIA exemption.

43. Defendants DHS and USCIS violated FOIA when they denied Plaintiffs' request for expedited processing.

44. Defendants DHS and USCIS violated FOIA by failing to respond to Plaintiffs' FOIA Request and adequately search for and disclose the requested public records.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

    a) Declare that Defendants violated their obligations under the FOIA, 5 U.S.C. § 552, et seq., when Defendants improperly denied Plaintiffs' request for expedited processing and failed to produce the records responsive to Plaintiffs' FOIA Request;

    b) Enjoin Defendants from continuing to withhold records responsive to Plaintiffs' FOIA Request;

    c) Order Defendants to produce the requested records "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii);

    d) Order Defendant, should it seek to invoke a FOIA exemption, to produce a Vaughn Index, or alternatively, a Declaration under oath with facts sufficient to justify the withholding of any responsive information requested based on a valid FOIA exemption;

    e) Award Plaintiffs their reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

    f) Grant Plaintiffs such other and further relief as this Court may deem just and proper.

Respectfully submitted this 28th day of February 2025.

    /s/ *James* H. Weingarten_____
    James H. Weingarten (DC Bar No. 985070)
    Milbank LLP
    1850 K Street, NW, Suite 1100
    Washington D.C. 20006
    Tel: (202) 835-7525
    Fax: (202) 835-7593
    jweingarten@milbank.com

Jonathan D. Lamberti (*pro hac vice* motion forthcoming)
Jeremy A. Ravinsky (*pro hac vice* motion forthcoming)
Milbank LLP
55 Hudson Yards
New York, NY 10001
(212) 530-5748
Jlamberti@milbank.com
Jravinsky@milbank.com

*Attorneys for Plaintiffs National Immigration Project and Professor Laila L. Hlass*